IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SOUTHWEST DOCTORS, P.A., | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | **CIVIL ACTION NO. 4:07-cv-01286** |
| | § | |
| AEM, INC. D/B/A MIRABILIS HR and | § | |
| COMMON PAYMASTER H CORPORATION, | § | |
| Defendants. | § | |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE EWING WERLEIN, JR., UNITED STATES DISTRICT JUDGE:

**COMES NOW** the defendants AEM, inc. d/b/a Mirabilis HR and Common Paymaster H Corporation, and file this Original Answer to Plaintiff's Original Petition.

1.      A discovery control plan pursuant to Texas Rule of Civil Procedure 190.4 is not applicable to this Court and therefore, paragraph 1 is denied.

2.      Defendants are without sufficient knowledge or belief with regard to the allegations in paragraph two, and therefore paragraph 2 is denied.

3.      Defendant Mirabilis HR admits in paragraph 3 that it is a Florida Corporation and it was served with a citation by serving its registered agent.

4.      Defendant Common Paymaster H Corporation admits in paragraph 4 that it is a Florida Corporation and it was served with process by receiving notice from the Texas Secretary of State pursuant to Texas Civil Practice & Remedies Code §17.044(b), 17.045.

5.      Defendants admit that the United States District Court for the Southern District of

Texas, Houston Division has jurisdiction over the subject matter and the parties to this case and deny all other allegations contained in paragraph 5.

6.      Defendants admit that venue is proper in the United States District Court for the Southern District of Texas, Houston Division and deny the rest of paragraph 6.

7.      Defendants admit that they represent themselves to be "professional employer organizations", which provide a range of human resource services, including payroll services, to employers.  Defendants are without sufficient knowledge or belief with regard to the remainder of the allegations in paragraph seven, and therefore the remainder of paragraph 7 is denied.

8.      Defendants admit the first sentence of paragraph 8, deny the second and fourth sentences of paragraph 8, and are without sufficient knowledge or belief with regard to the allegations in the third sentence of paragraph 8, and therefore deny the third sentence of paragraph 8.

9.      Paragraph 9 is denied.

10.     Paragraph 10 is denied.

11.     Defendants admit that invoices were sent as alleged in the first part of the second sentence, deny the remainder of the second sentence, and deny the first sentence of paragraph 11.

12.     Paragraph 12 is denied.

13.     Paragraph13 is denied.

14.     Paragraph 14 is denied.

15.     Paragraph 15 is denied.

16.     Paragraph 16 is denied.

17.     Paragraph 17 is denied.

18.     Paragraph 18 is denied.

19.     Paragraph 19 is denied.

20.     Defendants deny that Plaintiff is entitled to the relief requested in paragraph 20 and therefore the same is denied.

21.     Paragraph 21 is denied.

22.     Defendants deny that Plaintiff is entitled to the relief requested in paragraph 22 and therefore the same is denied.

23.     All relief not otherwise specifically denied herein is hereby denied.

## AFFIRMATIVE DEFENSES

24.     For further answer, if such be necessary, Defendants would show that at the time and on the occasion(s) in question, there was a failure on the part of the Plaintiff to exercise that degree of care that would have been exercised by an ordinarily prudent person under the same or similar circumstances, and such failure was the proximate cause in whole or in part of the events and/or occurrences made the basis of this suit and the resulting damages, if any, allegedly sustained by the Plaintiff.

25.     Defendants affirmatively plead that in the unlikely event that these Defendants are found liable to Plaintiff for any amount, then Defendants are entitled to a credit or offset for the amount of any funds that may be due and owing to Defendants pursuant to a certain judgment entered against Plaintiff by the United States District Court for the Middle District of Florida, Orlando Division.

26.     Defendants affirmatively plead that Plaintiff has failed to join indispensable parties.

27.     Defendants affirmatively plead that Plaintiff's Original Petition fails to state a claim

upon which relief may be granted.

28.     Defendants affirmatively plead that Plaintiff is barred from recovering against Defendants and/or enforcing the agreement based upon the doctrine of unclean hands.

29.     Defendants affirmatively plead that Plaintiff's claims are barred by operation of the affirmative defenses of ratification, estoppel, accord and satisfaction.

30.     Defendants affirmatively plead that Plaintiff fraudulently induced Defendants to enter into the agreement with Plaintiff.

31.     Defendants affirmatively plead that the agreement is without consideration, and/or fails for lack of consideration.

32.     Defendants affirmatively plead that Plaintiff's claims are barred by operation of the doctrine of res judicata.

**WHEREFORE, PREMISES CONSIDERED**, Defendants AEM Corporation d/b/a Mirabilis HR and Common Paymaster H Corporation pray that Plaintiff take nothing by its suit, that Defendants recover their costs herein expended, and for such further relief, both legal and equitable, to which Defendants may be justly entitled.

Respectfully submitted,

s/ Kent C. Krause
Kent C. Krause
Attorney-in-Charge
State Bar No. 11714600
Southern District of Texas Bar No. 21121
3100 Monticello Avenue, Suite 550
Dallas, TX 75205
(214) 750-3555; (214) 750-3551 (fax)
kkrause@cdklawfirm.com
**ATTORNEYS FOR DEFENDANTS
AEM, INC. D/B/A MIRABILIS HR and
COMMON PAYMASTER H CORPORATION**

**CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the foregoing has been forwarded to all interested parties and/or counsel of record listed below in accordance with the Federal Rules of Civil Procedure on this 21st day of May, 2007.


       Joel W. Mohrman
       John L. Verner
       McGLINCHEY STAFFORD, PLLC
       1001 McKinney, Suite 1500
       Houston, TX 77002


                            s/ Kent C. Krause
                            Kent C. Krause